S04F0841. ADAMS v. ADAMS.
(603 SE2d 273)

HUNSTEIN, Justice.

Andy (Husband) and Kay (Wife) Adams were married in July 1994. Two days before their wedding, they executed an antenuptial agreement which provided, inter alia, that in the event of a separation, Wife would receive $10,000 for every year of marriage with a cap of $100,000. Wife also waived all claims to Husband's pre-marital property and all other claims she may have growing out of the marriage and its dissolution; agreed not to make a "continued lifestyle claim"; and agreed to forfeit her rights if she engaged in "unforgiven adultery." Both parties waived claims to separately titled property whether acquired prior to or during the marriage. At the time of the marriage, Husband's assets were valued at $4,526,708, and Wife's at $30,000.

In January 2003, Wife filed for divorce alleging adultery, cruel treatment, and an irretrievably broken marriage. She sought alimony and an equitable division of property. Husband answered, counterclaimed for divorce, and filed a motion to enforce the antenuptial agreement which the trial court granted. Husband then filed a motion for summary judgment in the divorce action. Wife failed to file a response and a divorce was granted. The trial court ordered

Husband to pay to Wife a lump sum payment of $90,000 representing the agreed-upon $10,000 for each year of their marriage. Wife filed an application to appeal from the trial court's order that we granted to determine whether the antenuptial agreement is unconscionable as a matter of law and whether the trial court improperly limited the scope of the hearing on Husband's motion to enforce the antenuptial agreement. Finding no error, we affirm.

1. In determining whether to enforce an antenuptial agreement in a divorce proceeding, a trial judge should consider whether: (1) the agreement was obtained through fraud, duress or mistake, or through misrepresentation or nondisclosure of material facts; (2) the agreement is unconscionable; and (3) the facts and circumstances have changed since the agreement was executed, so as to make its enforcement unfair and unreasonable. *Scherer v. Scherer*, 249 Ga. 635, 641 (3) (292 SE2d 662) (1982). In this case, the trial court specifically found that the agreement was entered into without fraud, duress, mistake, coercion, or misrepresentation; it was reviewed by Wife; and Wife was advised of her right to and was given sufficient opportunity to obtain independent legal review of the agreement before its execution. Wife does not challenge these findings. Instead, she alleges that the agreement is unconscionable when comparing the financial benefits she is entitled to receive under the agreement with Husband's financial status at the time of execution.

A review of the record and trial court's order upholding the agreement reveals that the trial court thoroughly evaluated the relevant considerations. At the time the agreement was executed, Wife successfully ran her own business and had $30,000 in assets while Husband owned several businesses and had a net worth of approximately $4.5 million. Both parties previously had been married and divorced. It was reasonable, therefore, for both Husband and Wife to anticipate the possibility of divorce, to seek to protect their individual assets, and to establish their respective property rights by contract in the event of divorce. See id. at 640 (2) (antenuptial agreements permit persons " 'prior to marriage to anticipate the possibility of divorce and to establish their rights by contract in such an event' "). That the antenuptial agreement may have perpetuated the already existing disparity between the parties' estates does not in and of itself render the agreement unconscionable when, as here, there was full and fair disclosure of the assets of the parties prior to the execution of the agreement, and Wife entered into the agreement fully, voluntarily, and with full understanding of its terms after being offered the opportunity to consult with independent counsel. Accordingly, we find the agreement into which the parties entered was fair,

both at the time it was executed and in light of subsequent events,[1] and we find no abuse of discretion by the trial court in enforcing the antenuptial agreement.

2. We reject Wife's contention that the trial court erred in excluding from the hearing on the motion to enforce the antenuptial agreement evidence of Husband's alleged infidelity during the marriage. While there may be rare circumstances where such evidence could be relevant to demonstrate unconscionability or changed circumstances under *Scherer*, supra, under the specific facts of this case, Wife's allegations were irrelevant to such determination.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 27, 2004 —
RECONSIDERATION DENIED OCTOBER 25, 2004.

*Phelps & Campbell, R. Chris Campbell*, for appellant.
*Cook, Noell, Tolley, Bates & Michael, Edward D. Tolley, Ronald E. Houser*, for appellee.

---

[1] At the time of divorce, the financial status of the parties remained substantially the same, with certain of Husband's real property holdings having increased in value and the value of certain businesses having decreased.